1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10  DEMETRIUS OROZCO,

11                                           CIV. S-13-785 JAM CKD

              Plaintiff,

12

13         v.                               <u>STATUS (Pre-trial</u>
                                                  <u>Scheduling) ORDER</u>

CONVERGENT OUTSOURCING,
14  INC.,

              Defendant.
15  _____/

16

17           After review of the Joint Status Report, the court makes the following order:

18                           <u>SERVICE OF PROCESS</u>

19           All parties defendant to this lawsuit have been served and no further service will be

20  permitted except with leave of court, good cause having been shown.

21

22             <u>JOINDER OF ADDITIONAL PARTIES/AMENDMENTS</u>

23           No further joinder of parties or amendments to pleadings is permitted except with

24  leave of court, good cause having been shown.

25

1

26

1                          JURISDICTION AND VENUE

2        Jurisdiction and venue are not contested.

3                       FICTITIOUSLY-NAMED DEFENDANTS

4        This action, including any counterclaims, cross-claims, and third party complaints is

5   hereby DISMISSED as to all DOE or other fictitiously-named defendants.

6                        MOTION HEARINGS SCHEDULES

7        All dispositive motions shall be filed by **May 21, 2014**.   Hearing on such motions

8   shall be on **June 18, 2014** at 9:30 a.m.

9   **The parties are reminded of the notice requirements as outlined in Local Rule**

10  **230(b).**

11       The time deadline for dispositive motions does not apply to motions for

12  continuances, temporary restraining orders or other emergency applications.

13       All purely legal issues are to be resolved by timely pre-trial motions.   The parties

14  are reminded that motions in limine are procedural devices designed to address the

15  admissibility of evidence and are cautioned that the court will look with disfavor upon

16  substantive motions presented at the final pre-trial conference or at trial in the guise of

17  motions in limine.   The parties are further cautioned that if any legal issue which should

18  have been tendered to the court by proper pre-trial motion requires resolution by the court

19  after the established law and motion cut-off date, substantial sanctions may be assessed

20  for the failure to file the appropriate pre-trial motion.

21       **Unless prior permission has been granted, memoranda of law in support of**

22  **and in opposition to motions are limited to twenty-five (25) pages, and reply**

23  **memoranda are limited to ten (10) pages.   The parties are also cautioned against**

24  **filing multiple briefs to circumvent this rule.**

25

26

1                                   DISCOVERY

2           All discovery shall be completed by **April 18, 2014**.   In this context, "completed"

3    means that all discovery shall have been conducted so that all depositions have been

4    taken and any disputes relative to discovery shall have been resolved by appropriate order

5    if necessary and, where discovery has been ordered, the order has been complied with.

6                       DISCLOSURE OF EXPERT WITNESSES

7           The parties shall make expert witness disclosures under Fed. R. Civ. P. 26(a)(2) by

8    **January 31, 2014**.   Supplemental disclosure and disclosure of any rebuttal experts under

9    Fed. R. Civ. P. 26(a)(2)(c) shall be made by **February 14, 2014**.

10          Failure of a party to comply with the disclosure schedule as set forth above in all

11   likelihood will preclude that party from calling the expert witness at the time of trial absent

12   a showing that the necessity for the witness could not have been reasonably anticipated at

13   the time the disclosures were ordered and that the failure to make timely disclosure did not

14   prejudice any other party.   See Fed. R. Civ. P. 37(c).

15          All experts designated are to be fully prepared at the time of designation to render

16   an informed opinion, and give their reasons therefore, so that they will be able to give full

17   and complete testimony at any deposition taken by the opposing parties.   Experts will not

18   be permitted to testify at the trial as to any information gathered or evaluated, or opinion

19   formed, after deposition taken subsequent to designation.

20                      JOINT MID-LITIGATION STATEMENTS

21          Not later than fourteen (14) days prior to the close of discovery, the parties shall file

22   with the court a brief joint statement summarizing all law and motion practice heard by the

23   court as of the date of the filing of the statement, whether the court has disposed of the

24   motion at the time the statement is filed and served, and the likelihood that any further

25

26

1   motions will be noticed prior to the close of law and motion.   The filing of this statement

2   shall not relieve the parties or counsel of their obligation to timely notice all appropriate

3   motions as set forth above.

4                               FINAL PRE-TRIAL CONFERENCE

5          The final pre-trial conference is set for **July 25, 2014 at 11:00 a.m.**   In each

6   instance an attorney who will try the case for a given party shall attend the final pretrial

7   conference on behalf of that party; provided, however, that if by reason of illness or other

8   unavoidable circumstance the trial attorney is unable to attend, the attorney who attends in

9   place of the trial attorney shall have equal familiarity with the case and equal authorization

10  to make commitments on behalf of the client.   All pro se parties must attend the pre-trial

11  conference.

12         Counsel for all parties and all pro se parties are to be fully prepared for trial at the

13  time of the pre-trial conference, with no matters remaining to be accomplished except

14  production of witnesses for oral testimony.   The parties shall file with the court, no later

15  than seven days prior to the final pre-trial conference, a joint pre-trial statement.

16  **Also at the time of filing the Joint Pretrial Statement, counsel**

17  **are requested to e-mail the Joint Pretrial Statement in WPD or**

18  **Word format to Judge Mendez's assistant, Jane Klingelhoets**

19  **at: jklingelhoets.uscourts.gov.**

20         Where the parties are unable to agree as to what legal or factual issues are properly

21  before the court for trial, they should nevertheless list all issues asserted by any of the

22  parties and indicate by appropriate footnotes the disputes concerning such issues.   The

23  provisions of Local Rule 281 shall, however, apply with respect to the matters to be

24  included in the joint pre-trial statement.   Failure to comply with Local Rule 281, as

25

26

                                        4

1  modified herein, may be grounds for sanctions.

2        The parties are reminded that pursuant to Local Rule 281(b)(10) and (11) they are

3  required to list in the final pre-trial statement all witnesses and exhibits they propose to

4  offer at trial, no matter for what purpose.   These lists shall not be contained in the body of

5  the final pre-trial statement itself, but shall be attached as separate documents so that the

6  court may attach them as an addendum to the final pre-trial order.   The final pre-trial order

7  will contain a stringent standard for the offering at trial of witnesses and exhibits not listed

8  in the final pre-trial order, and the parties are cautioned that the standard will be strictly

9  applied.   On the other hand, the listing of exhibits or witnesses that a party does not

10  intend to offer will be viewed as an abuse of the court's processes.

11        The parties are also reminded that pursuant to Rule 16, Fed. R. Civ. P., it will be

12  their duty at the final pre-trial conference to aid the court in: (a) formulation and

13  simplification of issues and the elimination of frivolous claims or defenses; (b) settling of

14  facts which should properly be admitted; and (c) the avoidance of unnecessary proof and

15  cumulative evidence.   Counsel must cooperatively prepare the joint pre-trial statement

16  and participate in good faith at the final pre-trial conference with these aims in mind.   A

17  failure to do so may result in the imposition of sanctions which may include monetary

18  sanctions, orders precluding proof, elimination of claims or defenses, or such other

19  sanctions as the court deems appropriate.

20                                    TRIAL SETTING

21        Jury trial in this matter is set for **September 8, 2014 at 9:00 a.m.**   The parties

22  estimate a trial length of approximately 3 days.

23

24

25

26

1                 <u>SETTLEMENT CONFERENCE</u>

2       No Settlement Conference is currently scheduled.   If the parties wish to have a

3 settlement conference, one will be scheduled at the final pretrial conference or at an

4 earlier time upon request of the parties.

5          <u>OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER</u>

6       This Status Order will become final without further Order of Court unless objection

7 is lodged within seven (7) days of the date of the filing of this Order.

8       IT IS SO ORDERED.

9 Dated:   July 3, 2013

10                        /s/ John A. Mendez

                             JOHN A. MENDEZ

11                        United States District Court Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26